UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JOSEPHS, Ph.D, P.E.,  
an individual,

      Plaintiff,

vs.

MAGLINE INTERNATIONAL, LLC,  
a Michigan Limited Liability Company,

      Defendant.

_____/

Case No.  
Hon.

SOMMERS SCHWARTZ, P.C.  
Andrew J. Kochanowski (P55117)  
Lisa Rycus Mikalonis (P39485)  
Kevin J. Stoops (P64371)  
Henri O. Harmon (P70151)  
Attorneys for Plaintiff  
2000 Town Center, Suite 900  
Southfield, MI 48075  
(248) 355-0300

_____/

## COMPLAINT FOR FALSE PATENT MARKING AND DEMAND FOR JURY TRIAL

### THE PARTIES

1. Plaintiff, Harold Josephs, Ph.D., P.E., is a licensed professional engineer residing in this judicial district.

2. Defendant, Magline International, L.L.C ("Magline"), is a Michigan limited liability company, having a principal place of business at 503 S. Mercer, Pinconning, Michigan 48650.

3.	Magline has appointed D. Brian Law, located at 503 S. Mercer St., Pinconning, Michigan 48650, as its registered agent for service of process.

## JURISDICTION

4.	The federal claim pleaded herein arises under 35 U.S.C. §292(b).

5.	Subject matter jurisdiction for this federal claim is conferred upon the Court by 28 U.S.C. § 1338(a).

## BACKGROUND FACTS

### A.	The Purpose of this Action

6.	The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

### B.	The Policy of the Patent Marking Statutes

7.	The patent marking statute (35 U.S.C. §287(a)) and the false patent marking statute (35 U.S.C. §292) exist to insure that the public has accurate information on the existence of patent rights in articles.

8.	The several purposes of the patent marking statute were explained by the Federal Circuit in *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998), as: (1) helping to avoid innocent infringement, (2) encouraging patentees to give notice to the public that the article is patented, and (3) aiding the public to identify whether an article is patented.

9.	In the event a patentee (or its licensee) fails to comply with the marking requirement of 35 U.S.C. §287(a), the sanction is that "no damages shall be recovered by the patentee in any action for

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."

10. When the Patent Act of 1952 was enacted, false patent marking was punishable as a criminal offense under Title 18 of the United States Code.

11. The Patent Act of 1952 retained a *qui tam* cause of action on behalf of the public to fine the offender in an amount of up to $500 for each offense, with half going to the use of the United States, and the other half going to the person bringing the action.

12. P. J. Federico, one of the principal drafters of the Patent Act of 1952, wrote a "Commentary on the New Patent Act," explaining a *qui tam* action under 35 U.S.C. §292:

> Section 292 is divided into two subsections, subsection (a) is written in the same form as the sections of the criminal code (Title 18, U.S.C.A.) establishing criminal offenses and the offense of false marking is now an ordinary criminal offense which can be prosecuted in the same manner as others. However, subsection (b) of section 292 retains the informer (*qui tam*) action as additional, presumably alternative, to the criminal action.

13. False marking of unpatented articles as "patented" is injurious to the public interest, as explained by the United States Court of Appeals, in at least the following ways:

- Acts of false marking deter innovation and stifle competition in the marketplace.

- False marks may deter scientific research when an inventor sees a mark and decides to forgo continued research to avoid possible infringement.

- False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

14. Additionally, a consumer seeing an article marked as "patented" is likely to infer the article possesses design or utilitarian features that are unique to such article, and not available in substitute articles from other producers, thus inducing consumer demand for the marked article.

### C. Federal Patent Policy

15. The Supreme Court stated in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery*, 324 U.S. 806, 816 (1945), that patents by their very nature are affected with a public interest:

> The possession and assertion of patent rights are 'issues of great moment to the public.' [Citations omitted.] A patent by its very nature is affected with a public interest. As recognized by the Constitution, it is a special privilege designed to serve the public purpose of promoting the 'Progress of Science and useful Arts.' At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market.

16. The United States Patent and Trademark Office agrees: "A patent by its very nature is affected with a public interest." 37 C.F.R. §1.56(a).

17. Due to the public's interest in the patent system, Congress has empowered "any person" to file a false marking action in Federal Court under 35 U.S.C. §292, or request reexamination of any claim of an enforceable patent (35 U.S.C. §302 (*ex parte*) and 35 U.S.C. §311 (*inter parte*s)), whether or not the person acting is involved in a substantial controversy with the patentee, or has adverse legal interests to the patentee, or has sustained an injury-in-fact.

18. The Supreme Court has stated:

- *"An unpatentable article, like an article on which the patent has expired, is in the public domain and may be made and sold by whoever chooses to do so. Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964); *Compco Corp. v. Day-Brite Lighting*, 376 U.S. 234 (1964),

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

4

- "... federal law requires that all ideas in general circulation be dedicated to the common good unless they are protected by a valid patent." *Lear, Inc. v. Adkins*, 395 U.S. 653, 668 (1969), and

- "In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001).

19. False patent marking is an impediment to these basic federal policies.

### D. Defendant Is A Patent-Sophisticated Company

20. Approximately forty patents have been assigned to Magline.[1] Magline offers the widest range of hand trucks available for conventional uses and specialty applications. Magline also offers products ranging from high-strength cast aluminum noses for its hand trucks to precision-machined beveled edges on dock plates to the superior traction design of its I-beam surface Posi-Step truck ramp. The company has sales and service staff nationwide, and also has a distribution center in Michigan.[2]

21. Through its marketing and distribution, Magline: (a) transacts business within the Sate of Michigan, and (b) enters into contracts for materials to be furnished in the State of Michigan, relating to its marked products.

---

[1] http://assignments.uspto.gov/assignments/q?db=pat&qt=asns&reel=&frame=&pat=&pub=&asnr=&asnri=&asne=&asnei=&asns=magline (last visited on March 29, 2010.)

[2] http://www.magliner.com/index.php?option=com_easyfaq&Itemid=174 (last visited on March 29, 2010.)

5

### E. Defendant's False Marking

22. Magline falsely marks it products. On its website, Magline states that "Magline's line of Magliner products is covered by one or more of the following patents: 4,275,894; 4,420,166; 4,563,014; 4,762,333; 4,790,547; 4,865,340" even though all of these patents have expired.

23. The above instances of false marking are merely representative and not exhaustive.

### F. Defendant's Intent

24. Defendant does not have, and could not have had, a reasonable belief that its products were properly marked in light of the extensive pattern of marking expired patent numbers on its product advertising.

25. Defendant is a patent-sophisticated company that monitors patent expiration. Defendant knew, or should have known, that many of the patents marked on their product advertising online had expired.

26. Defendant knows that for many of its customers making small purchases it is not practical to conduct an independent investigation to verify the accuracy of the patent information on the Defendant's web sites and product literature.

### G. Defendant's Liability And Public Harm

27. Defendant's extensive pattern false patent marking in its product advertising, coupled with its intended purpose in deceiving the public, is injurious to the public.

28. Defendant is liable to the United States and Josephs for false marking under 35 U.S.C. §292 (b).

29. The public interest requires Defendant be enjoined from further acts of false marking.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff Josephs demands entry of judgment against Defendant granting relief as follows:

A.  A determination that Defendant has violated 35 U.S.C. §292 by falsely indicating in its advertising that articles are "patented" knowing that the patent has expired for the purpose of deceiving the public;

B.  An order fining Defendant for false marking of its products in an amount which is reasonable in light of the total revenue and gross profit derived from the sale of falsely marked goods and the degree of intent to falsely mark which is proven, with half of the fine going to the use of the United States and the other half going to Josephs;

C.  A determination that this case is "exceptional," in the sense of 35 U.S.C. § 285;

D.  An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, contractors, suppliers and attorneys, and upon those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from committing new acts of false patent marking and to cease all existing acts of false patent marking within 90 days;

E.  An award in favor of Josephs, and against Defendant, for the costs incurred by Josephs in bringing and maintaining this action, including reasonable attorneys' fees; and

F.  Such other, further, and different relief as may be just and equitable on the proofs.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

*/s/ Andrew J. Kochanowski (P55117)*
Lisa Rycus Mikalonis (P39485)
Kevin J. Stoops (P64371)
Henri O. Harmon (P70151)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

Dated: May 18, 2010

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300